## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DR. JENNIFER WHITE,

              Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC SCIMED, INC.,

              Defendants.

Civil Action No.: 17-11039-RGS

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Evidence 26(c) and to facilitate the production and receipt of

information in discovery in this action, Plaintiff  Dr. Jennifer White ("Dr. White") and

Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively,

"Boston Scientific") have agreed and stipulated, through their respective counsel, to the entry of

an order for the protection of trade secret, proprietary, and other confidential research,

development, financial, business, or commercial information that may be produced or otherwise

disclosed by them during the course of this action.

Upon consideration of the record and proceedings herein, the parties hereby stipulate to

the following terms:

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than those specifically set forth in this Order may

be warranted. The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and

use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    Designated In-House Counsel: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter who have responsibility for maintaining, defending, or evaluating this action, including their administrative and support staff, designated pursuant to Paragraph 7.3(b).

2.5    In-House Counsel: attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel.

2.6    Designating Party:  a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated for purposes of litigation in this matter, including documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, expert reports,

any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

2.9    "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" Information or Items: Extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  It includes, without limitation, highly sensitive settlement and/or licensing agreements (including drafts thereof) that are subject to a third-party confidentiality agreement requiring Attorneys' Eyes Only designation; highly sensitive corporate strategy data; (3) highly sensitive product information containing information not available to competitors or the public concerning present products, anticipated products or products in development; (4) pending but unpublished patent applications; and (5) other highly confidential technical, research and development, and financial information. Materials or information designated as "HIGHLY CONFIDENTIAL" will be treated the same as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the provisions of this Protective Order and vice versa.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record (without qualifier):  attorneys and their support staff who are not employees of a party to this action and who (i) have appeared in this action on behalf of such party or (ii) are employed with a law firm which has appeared on behalf of that party.

2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing and reviewing discovery material, exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information that has become part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality

to the Designating Party.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including expiration of the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it has designated for protection do not qualify for any protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing or altering the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of the document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents that it wishes to have copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY") to each page of the document that contains Protected Material.

(b)     <u>for transcripts of depositions or other pretrial or trial proceedings</u>, at the request of any party, the original and all copies of any transcript, in whole or in part, shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the

court reporter.  This request may be made orally during the proceeding or in writing within

fifteen (15) days of the proceeding. Deposition transcripts shall be treated by default as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the time to

make a confidentiality designation. Any portions so designated shall thereafter be treated in

accordance with the terms of this Order.

Transcripts containing Protected Material shall have an obvious legend with the

appropriate designation on the title page and every subsequent page that the transcript contains

Protected Material. If only portions of a transcript are designated as Protected Material, then the

title page shall be followed by a list of all pages (including line numbers as appropriate) that

have been designated as Protected Material and the level of protection being asserted by the

Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(c) <u>for information produced in some form other than documentary and for any</u>
<u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)

and specify the level of protection being asserted.

5.3 <u>Failures to Designate</u>.  A failure to designate qualified information or items,

whether by inadvertence or otherwise, does not, standing alone, waive in whole or in part the

Designating Party's right to secure protection under this Order for such material. Upon

subsequent correction of a designation, the Receiving Party must make reasonable efforts to

assure that the material is treated in accordance with any revised designations under the

provisions of this Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under Section 7 of this Order. The Designating Party may also request the individuals to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first

or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>: Subject to Paragraph 6.2, the Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Paragraph 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, or any inter partes review ("IPR") proceeding involving a patent asserted in this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record; as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including In-House Counsel) for the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1) below have been followed;

(c)      Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4 (a)(1) below have been followed;

(d)      the court and its personnel;

(e)      court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f)      professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(g)      Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(h)     during their depositions or in court proceedings, witnesses in this action,

provided that (1) such documents or information were authored by, addressed to, or received by

such persons or other persons employed by the same entity as such persons, or (2) such

documents or information were produced by or obtained from such persons or their employer;

(i)     the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information; and

(j)     the plaintiff, Dr. Jennifer White.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or</u>

<u>"HIGHLY CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the Court or

permitted in writing by the Designating Party, a Receiving Party may disclose any information or

item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record; as well as employees of

said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

for this litigation;

(b)     The following Designated In-House Counsel, upon signing the

"Acknowledgment and Agreement to Be Bound" (Exhibit A):

Pete Gafner,
Vice President,
Chief Litigation
Officer, Boston
Scientific Corp.;

and

Any other Designated In-House Counsel on which the parties agree.

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound," Exhibit A, and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed.

(d)     the Court and its personnel;

(e)     court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f)     professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(h)     during their depositions or in court proceedings, witnesses in the action, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j)     the plaintiff, Dr. Jennifer White.

7.4      Procedures for Approving or Objecting to Disclosure of Protected Material to officers, directors, and employees of a Receiving Party, or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to any officers, directors, or employees of the Receiving Party or Expert any information or item that has been designated "CONFIDENTIAL" pursuant to paragraph 7.2(b) or 7.2(c) first must provide the Designating Party with written notice that (1) includes the proposed recipient's signed "Acknowledgement  and Agreement to Be Bound" (Exhibit A), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence, and (3) describes the proposed recipient's current and reasonably foreseeable job responsibilities. For purposes of clarity, all requests for disclosures to any proposed recipient under this paragraph are subject to Paragraphs 7.4(b) and (c).

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" pursuant to paragraph 7.3(c) first must provide the Designating Party with a written notice that includes (1) the Expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence; (3) attaches a copy of the proposed recipient's current resume; (4) identifies the proposed recipient's current employer(s); (5) identifies each person or entity from whom the proposed recipient has received compensation or funding for work in his or her areas of expertise or to whom the proposed recipient has provided professional services,

including in connection with litigation, at any time during the preceding five years.[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. For purposes of clarity, all requests for disclosures to any proposed recipient under this paragraph are subject to Paragraphs 7.4(b) and (c).

(b)   A Party that makes a request and provides the information specified in the preceding respective paragraphs, Paragraphs 7.4(a)(1) and (2), may disclose the subject Protected Material to the identified person after 5 business days from the time it delivered the request unless, within 5 business days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based and must be made for good cause. Failure to object within five (5) business days shall constitute approval. The Parties specifically reserve the right to object to the disclosure of Protected Material to a proposed Expert should the proposed Expert be employed by the objecting Party's competitor.

(c)   A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven (7) business days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure may file a motion seeking permission from the court to do so.

---

[1] If the proposed recipient believes any of this information is subject to a confidentiality obligation to a third party, then the proposed recipient should provide whatever information the proposed recipient believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the proposed recipient shall be available to meet and confer with the Designating Party regarding any such engagement.

In any such proceeding, the Party opposing disclosure to the identified officers, directors, and employees of a Receiving Party, Designated In-House Counsel, or Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material.

8.      PROSECUTION BAR

Absent written consent from the Producing Party or an order by the Court, every person who receives, or in the case of Outside Counsel of Record who receives and reviews, Prosecution Bar Information is precluded from performing, or providing (verbally or in tangible form, in whole or in part) such Protected Material received under this Order to any person involved in performing, the following tasks: drafting, prosecuting, or supervising or providing advice regarding the drafting or prosecution, of any patent applications with the United States Patent and Trademark Office ("USPTO") or any similar proceedings in any other country, involving any patent or patent application having claims or disclosures related to transcatheter replacement heart valves and methods and devices for the delivery thereof. This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within two (2) years after the final termination of this action. For purposes of clarity, "prosecution" does not include reexamination, reissue, interference proceedings, or equivalent proceedings (e.g., post-grant review, inter partes review) and any similar proceedings in any other country, except that all persons who receive, or in the case of Outside Counsel of Record who receives and reviews, Prosecution Bar Information are prohibited from performing, or providing (verbally or in tangible form, in whole or in part) such Protected Material received under this Order to any person involved in performing the following tasks: drafting, or supervising or providing advice regarding drafting, new or amended claims in any such proceedings. This Paragraph does not apply to any In-House Counsel designated under

Paragraph 7.2(b) who is only provided access to "CONFIDENTIAL" information of an opposing

party. This Prosecution Bar shall begin when access to Prosecution Bar Information is first

received by the affected individual, or in the case of Outside Counsel of Record first received

and reviewed, and shall end two (2) years after final termination of this action.  For purposes of

this paragraph, Prosecution Bar Information is information that is designated as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" under this

Order, except that Prosecution Bar Information does not include financial information.

Notwithstanding the above, this section ("Prosecution Bar") shall not apply to the plaintiff

Dr. Jennifer White; it shall apply, however, to Dr. White's patent prosecution counsel.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a discovery request, subpoena, or a court order from another

litigation that compels disclosure of any information or items designated in this action as

Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order. Such notification shall include a copy of this Stipulated

Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by

the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

discovery request, subpoena, or court order shall not produce any information designated in this

action as Protected Material before a determination by the court from which the subpoena or

order issued, unless the Party has obtained the Designating Party's permission. The Designating

Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     Both Parties shall be treated as a Receiving Party with respect to any information produced by a Non-Party in this action.  To the extent that a Party obtains information from a Non-Party via subpoena or otherwise, the Party shall produce the information to the other Party within 5 business days, unless the Party can demonstrate good reason why it is not possible to do so.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession (other than information produced in this litigation by a Non-Party), and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-

Party.

(d)     If the Non-Party fails to object or seek a protective order from the Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

In accordance with Fed. R. Evid. 502(d), the attorney-client privilege or work-product protection is not waived as a result of the disclosure of information in connection with this litigation through inadvertence or error. Such production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Material, privileged or protected by the work-product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly

upon discovery of such information. Within five (5) business days of receiving such notice, the

Receiving Party shall return such information or documents or confirm in writing that it has

taken reasonable steps to permanently delete all electronic copies of such documents from

electronic records and to destroy all paper copies. If the Receiving Party has disclosed the

information to others before being notified of the claim of privilege or protection, the Receiving

Party must take reasonable steps to retrieve and return or destroy the disclosed information. No

use shall be made of such documents or information during deposition or at trial, nor shall such

documents or information be shown to anyone after the request that they be returned. The

Receiving Party may move the court for an order compelling production of such information

(based on information independent of the content of the allegedly privileged materials in

question), but the motion shall not assert as a ground for production the fact or circumstances of

the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose a

document or information for which a claim of privilege or immunity is made pursuant to this

paragraph for any purpose until the matter is resolved by agreement of the parties or by a

decision of this court.  If a Party becomes aware that it has received documents that are clearly

privileged, the party receiving the privileged documents will promptly notify the Producing

Party of receipt of the documents and return or destroy all copies of the privileged documents, if

the Producing Party so requests within 10 days after being advised of the inadvertent production.

If the Producing Party does not request return or destruction of the identified privileged

documents within this 10 day time period, the Producing Party will be deemed to have waived

the privilege, but only with respect to the specific documents identified.

13.    <u>MISCELLANEOUS</u>

     13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek

its modification by the Court in the future.

     13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for filing such material under seal in a manner prescribed by the court for such filings. The Parties agree to meet and confer on procedures for disclosing Protected Material at trial amongst themselves and with the Court during the pre-trial process.

14.    <u>FINAL DISPOSITION</u>

Within sixty (60) days after the latest of any final disposition, as defined in Section 4, of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and associated exhibits, attorney work product, and consultant and expert work product,

even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

DATED:  August 11, 2017

Respectfully submitted,

| | |
|---|---|
| /s/ Safraz W. Ishmael | /s/ Maxwell C.  Preston  (w/ permission) |
| Steven M. Bauer (BBO No. 542531) | John E. Nilsson (admitted *pro hac vice*) |
| Safraz W. Ishmael (BBO No. 657881) | ARNOLD & PORTER KAYE SCHOLER LLP |
| PROSKAUER ROSE LLP | 601 Massachusetts Ave., NW |
| One International Place | Washington, DC 20001 |
| Boston, MA  02110 | Phone: 202-942-5000 |
| Tel:  (617) 526-9600 | Fax: 202-942-5999 |
| Fax:  (617) 526-9899 | john.nilsson@apks.com |
| sbauer@proskauer.com | |
| sishmael@proskauer.com | Maxwell C. Preston (admitted *pro hac vice*) |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| **ATTORNEYS FOR** | 250 West 55th Street |
| **DR. JENNIFER WHITE** | New York, NY 10019 |
| | Phone: 212-836-8000 |
| | Fax: 415-471-3400 |
| | maxwell.preston@apks.com |
| | |
| | Mitchell J. Matorin (BBO No. 649304) |
| | MATORIN LAW OFFICE LLC |
| | 18 Grove Street, Suite 5 |
| | Wellesley, MA 02482 |
| | Phone: 781-453-0100 |
| | Fax: 888-628-6746 |
| | mjm@matorinlaw.com |
| | |
| | **COUNSEL FOR DEFENDANTS BOSTON** |
| | **SCIENTIFIC CORPORATION AND** |
| | **BOSTON SCIENTIFIC SCIMED, INC.** |

SO ORDERED this_____day of August, 2017.

_____

UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DR. JENNIFER WHITE,

                  Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC SCIMED, INC.,

                Defendants.

Civil Action No.: 17-11039-RGS

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

### UNDERTAKING OF _____

I,_____, declare that:

    1.     My business address is_____.

    2.     My present occupation (including job title) is

_____.

    3.     I am currently employed by _____

_____.

    4.     My past and present business relationships with the party retaining my services include:_____.

    5.     I have received a copy of the Protective Order in *Dr. Jennifer White v. Boston Scientific Corporation and Boston Scientific Scimed, Inc.,* Civil Action No. 17-11039-RGS and have carefully read and understand its provisions.

    6.     I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated under the Protective Order, except as expressly permitted in the

Protective Order. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7.      I agree to take reasonable steps to return or destroy and certify destruction of all materials designated under the Protective Order which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after I have been notified that litigation between the parties has ended.

8.      I accept full responsibility for taking measures to ensure that staff members working under my supervision comply with the terms of this Protective Order.

9.      I hereby submit to the jurisdiction of and agree to appear before the United States District Court for the District of Massachusetts for the purpose of enforcement of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.


DATE:_____        SIGNATURE:_____

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing on August 11, 2017.


*/s/ Safraz Ishmael*
Safraz Ishmael